# MARCH, 1936.

KELLY-SPRINGFIELD TIRE CO., APPELLANT, v. ANNE HAMILTON ET AL., RESPONDENTS.—91 S. W. (2d) 193.

Kansas City Court of Appeals. March 2, 1936.

*Gilmore, Brown & Gilmore* for appellant.

*Ayers Blocher* for respondents.

SHAIN, P. J.—This is a suit on account against a debtor and an alleged guarantor.

The plaintiff, the Kelly-Springfield Tire Company, is shown to be a New York Corporation, successor to the Springfield Tire Company of New Jersey.

For some years prior to July 6, 1932, the New Jersey Corporation was licensed to and was doing business in Missouri and had an office in Kansas City, Missouri. On the above date, the New Jersey Corporation filed affidavit of retirement from Missouri.

On or about March 10, 1932, the defendant Steiguer executed a written guaranty agreement to the New Jersey Corporation that was then licensed to and was doing business in Missouri.

The matters concerned in this appeal are based upon the guaranty which is as follows, to-wit:

"Kelly-Springfield Tire Company

"Guaranty

"In order to induce the Kelly-Springfield Tire Company (hereinafter referred to as the ''Company') to extend credit to Hamilton Tire Company, Anne Hamilton, Prop., 1935 Baltimore Ave., Kansas City, Mo. (hereinafter referred to as the 'Customer'), and in consideration thereof and the sum of one dollar ($1.00) and other valuable considerations, the receipt of which is hereby acknowledged, the undersigned (hereinafter referred to as the 'Guarantor') does hereby guarantee to the Company the full and prompt payment at maturity of all bills and invoices that the Company has now rendered or may hereafter render against the Customer, and of all checks, drafts, notes, acceptances and renewals thereof given on account of or in payment of the same by whomsoever executed.

"In the event of the failure of the customer and/or any other person who executes same, to pay or cause to be paid any such check, draft, note, or acceptance in accordance with the tenor thereof, in whatever form payable by the Customer to the Company, or in the event of the failure of the customer to pay any bill or invoice of any amount, when due and matured, the Guarantor agrees to pay promptly the same upon demand, with the same force and effect as if the merchandise had been bought by and invoiced as to the Guarantor for his own account, and/or said check, draft, note or acceptance had been given or made directly by the Guarantor, it being agreed that the liability of the Guarantor hereunder is a primary obligation.

"The Guarantor hereby agrees that the whole of his agreement with the Company is herein set forth and that there is and can be no verbal or other written contract, agreement, understanding or custom whereby the terms and conditions of this guaranty have been

or can be affected, changed, varied, interpreted, construed, modified or waived in any manner whatever unless set forth in writing signed by the Company by its General or Assistant General Credit Manager and endorsed on this agreement itself; and any separate verbal or written agreement with the Company's salesmen or others which are or shall be at variance with this agreement are not and shall not be binding upon the Company. The Guarantor hereby acknowledges that at the time of the execution and/or delivery of this agreement there are not existent any conditions precedent, concurrent, or subsequent whatsoever, affecting, impairing, modifying or changing in any manner or way the obligations of the Guarantor to the Company hereunder, or the immediate taking effect of this guaranty as the sole agreement between the Guarantor and the Company with respect to guaranteeing the customer's obligations to the Company.

"This agreement is delivered at the office of the Company at New York City, N. Y., U. S. A., and shall be deemed to have been made at New York City and shall be construed pursuant to the Laws of the State of New York and is binding upon the Guarantor, his executors, administrators, and legal representatives, and shall inure to the benefit of the Company, its successors and assigns.

"(Signed) R. DE STEIGUER, JR."

It is admitted that from and after July 6, 1932, when the New Jersey Corporation retired from business in Missouri, the New York Corporation with practically the same personnel took charge of the business as the successors of the New Jersey Corporation and continued to conduct the business along the same line and under the same policy as had the New Jersey Corporation.

It is shown that the defendant Anne Hamilton for the benefit of whose credit the defendant Seiguer had executed the above set forth written guaranty continued to purchase goods from the New Jersey Corporation up to July 6, 1932, when the business was taken over by the New York Corporation. It stands admitted that defendant Anne Hamilton is not indebted to the New Jersey Corporation.

It is shown that from and after July 6, 1932, the defendant continued to carry on her business and she purchased from the New York Corporation, successor to the New Jersey Corporation, an alleged amount of $706.20.

It is conclusively shown that the defendant Anne Hamilton is indebted to the plaintiff herein for goods bought from said plaintiff after July 6, 1932, and the plaintiff herein is seeking to recover said amount from defendant Steiguer, predicating right of recovery against said defendant upon the written guaranty above set forth.

The trial was had before a jury. At the close of all the evidence, the court gave for plaintiff a peremptory instruction to find the issues

for plaintiff as against the defendant Anne Hamilton. At the request of defendant, the court gave a peremptory instruction to find the issues for defendant Steiguer. Verdict of the jury was in accordance with said instructions and judgment was entered accordingly and the plaintiff has appealed from the judgment in favor of said defendant Steiguer.

The defendant makes claim that plaintiff's abstract of record, in narrative form, is incomplete and files additional abstract in support of the contention.

We conclude that the record before us is sufficient to enable us to determine the issues presented.

## OPINION.

The assignments of error on the part of plaintiff are directed at the court's action in refusing to give a peremptory instruction directing verdict for plaintiff as against the defendant Steiguer and in giving a peremptory instruction directing a verdict for said defendant.

A guaranty is a collateral agreement for the performance of the undertaking of another. In other words, guaranty is a separate contract which imposes different responsibilities than those imposed in the contract to which it is collateral.

The guaranty involved herein is a special guaranty given to a New Jersey Corporation for future credit to be extended to the debtor Anne Hamilton.

A guaranty to one person or one corporation for future credit cannot be transferred to another person or corporation so as to give the benefits of said guaranty to the assignee of the original party for the performance of obligations of the principal debtor that are directly contracted for with such assignee.

The assignment of a guaranty to one person for the future credit can only assign obligations made to the original person or corporation before the assignment was made. [Ruling Case Law, Vol. 12, pages 1055 and 1056, par. 4; Jobes v. Miller, 209 S. W. 549.]

The assignment of a guaranty does not carry with it obligations of the performance of new and yet unexecuted obligations. [Security State Bank v. Gray, 25 S. W. (2d) 515.]

It is clearly shown that the New Jersey Corporation to whom the guaranty herein in issue was given is a separate and distinct entity from the New York Corporation that is the plaintiff in this suit.

The guaranty provides that same be construed according to the law of New York. As the law of New York is not pleaded, no question of the law of a foreign state is involved.

As the debt herein sued for has all accrued after the transfer from the New Jersey Corporation to the plaintiff, a New York Corporation,

we conclude that no liability for the payment of same rests upon defendant Steiguer.

There are other questions raised and discussed in the briefs.

Having concluded as above, we need not discuss these other questions. Judgment affirmed. All concur.