Charles D. BEAUCHAMP and Lena
Beauchamp, Plaintiffs-Appellants,

v.

NORTH AMERICAN SAVINGS
ASSOCIATION, a corporation,
Defendant-Respondent.

No. KCD 27664.

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

Dale, Flynn, Bauman & Liles, Martin M. Bauman, St. Joseph, for plaintiffs-appellants.

Slagle & Bernard, Warren E. Slagle, Kansas City, for defendant-respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

The plaintiffs Beauchamp sued to recover a $4500 savings account pledged as security for a loan to the Zieglers for the purchase of the Beauchamp premises. Thereafter, the Zieglers conveyed to the Costners who assumed the mortgage indebtedness. The plaintiffs Beauchamp now claim that the assumption by the Costners of the Ziegler mortgage indebtedness materially alters their undertaking as pro tanto guarantor of the loan, and by operation of principles of guaranty law, releases them from their guaranty obligation.

The cause was presented to the trial court for decision on stipulated facts. The issues were determined adversely to the plaintiffs Beauchamp and this appeal follows.

The defendant complains, at the outset, that points attempted by plaintiffs in their brief do not conform to the requirements of Rule 84.04(d) for concise statement of the claims of judicial error. It is indeed plain that the abstract statement of legal principles the plaintiffs offer resembles more a didactic exercise than a request for review. This deficiency, however, does not pervade the rest of the appellate preparation and will not deprive the appellant of our review on the merits.

The facts essential for decision of this dispute were stipulated to the trial court:

The plaintiffs Beauchamp listed their two lots for sale. Thereafter, the Zieglers applied to Peoples Home and Savings Association [predecessor of defendant North American Savings Association] for a loan of $14,400—the full purchase price—to be secured by a deed of trust on the lots and by $4500 deposited by plaintiffs Beauchamp from the proceeds of the Ziegler loan into a savings account with the defendant Association pledged as security for repayment. The lots were conveyed by the plaintiffs Beauchamp to the Zieglers.

Two years later, the Zieglers conveyed the lots to Costner, subject to the indebtedness of deed of trust to the Association, which Costner assumed and agreed to pay. The Association did not exercise its option to declare the Ziegler debt immediately due and payable by reason of the conveyance to Costner. At that date, the principal balance of the Ziegler loan was about $9900.

Some months later, the Ziegler loan came into default and the successor Association proceeded with foreclosure. The lots were bid in by the Association for $7001 so that the principal amount of $6484.41 remained unpaid on the debt. The plaintiffs Beauchamp thereupon made demand on the successor Association for restitution of the $4500 savings account deposit, but the Association claims that sum under the guaranty agreement and has refused the demand.

The trial court rejected the postulate of the plaintiffs Beauchamp that they were discharged from their pledge obligation because the Association, by accession to the assumption by Costner of the Ziegler indebtedness, materially changed the nature of the Beauchamp pledge obligation to the Association. As a result, they contend, they are now free of liability under that agreement and are entitled to return of the $4500 pledge.

A transaction of guaranty is a species of contract with at least three parties: a promisor, a creditor [to whom the promise is made] and a debtor. The guaranty arises when the promisor makes a promise to the creditor either as to the solvency of the debtor or as to the payment of the debt. *Industrial Bank & Trust Co. v. Hesselberg*, 195 S.W.2d 470 (Mo.1946); 38 Am.Jur.2d, Guaranty, § 1. A guaranty is a collateral agreement for performance of the

undertaking of another, and so imports two different obligations: that of the principal debtor and that of the guarantor. *Four-Three-O-Six Duncan Corp. v. Security Trust Co.,* 372 S.W.2d 16, 23[6] (Mo.1963); *Kelly-Springfield Tire Co. v. Hamilton,* 230 Mo. App. 430, 91 S.W.2d 193, 195[1] (1936). The liability of the guarantor, therefore, does not arise in the absence of a liability on the principal undertaking to which it is collateral. 38 C.J.S., Guaranty § 2. The obligations of the guarantor are construed strictissimi juris and will not extend beyond what he is fairly bound to by the precise terms of his contract. This favoritism flows from the assumption of public policy [*Citizens Trust Co. v. Tindle,* 272 Mo. 681, 199 S.W. 1025, l. c. 1029 (banc 1917)] that

[i]n the complicated transactions of civil life, the aid of one friend to another, in the character of surety or bail [1] becomes requisite at every step. Without these constant acts of mutual kindness and assistance, the course of business and commerce would be prodigiously impeded and disturbed.

This leads to the principle, stated generally in 38 Am.Jur.2d, Guaranty, § 81, that

[A] material alteration in the principal contract, when that alteration is made after the execution of the guaranty contract and without the consent of the guarantor, discharges the guarantor if the material alteration injures the interest of the guarantor.

One Missouri court adds this stricture: "The general rule is that any alteration in the contract by the principals thereto releases the surety, unless the surety consents to it. And the rule is so strict that the courts will not opt to inquire whether the alteration was injurious or beneficial to the surety. The reason is that contracts of suretyship are strictly construed in favor of

the surety, and he has a right to stand upon the exact contract he made; and no one, not even a court, can change it in any respect." *Missouri Finance Corporation v. Roos,* 226 Mo.App. 869, 47 S.W.2d 142, 146 (1932). Consonant with this general rule, it was held in *Higgins v. Deering Harvester Co.,* 181 Mo. 300, 79 S.W. 959, 960 (1904) that where a wife had given a deed of trust to secure a note given by her husband, and the payee creditor procured a third person to sign the note without the knowledge or consent of the wife, such an alteration discharged her guaranty and deed of trust from obligation.

These statements of general principles give no support to the contention of plaintiffs Beauchamp that the conveyance from the Zieglers to Costner and his agreement to assume the mortgage indebtedness altered the principal liability and thus served to discharge their guaranty. The stipulations do not suggest that the Association released the Zieglers of their obligation to pay the debt, and certainly the assumption of the indebtedness by Costner did not accomplish such a result. "As between the grantor of the mortgaged premises and the grantee who assumed the mortgage, personal liability for the mortgaged debt is transferred from the former to the latter. But this is not so as to the mortgagee; the assumption of the mortgage does not deprive him of any rights or remedies he possessed against the mortgagor, or relieve the latter from liability for the debt secured, unless the mortgagee has expressly agreed to relieve him and to accept the purchaser as his debtor in place of the mortgagor." *Haley v. Branham,* 192 Mo.App. 125, 180 S.W. 423, 424 (1915); 55 Am.Jur.2d, Mortgages, § 1045.

It is plain then that the conveyance by the Zieglers to Costner and his assumption

1. The decisions use the terms *guarantor* and *surety* as equivalents notwithstanding the conceptual and juristic distinctions which separate them. They are similar in that both guarantor and surety promise to answer for the debt or default of a third person, but are different in that the contract of guaranty is collateral or secondary to the undertaking of the principal debtor while the engagement of suretyship is original and unconditional. In other words, the contract of the guarantor is his own undertaking while contract of suretyship gives rise to a joint and several obligation of the principal and surety. 38 Am.Jur.2d, Guaranty, § 15; 38 C.J.S. Guaranty § 6.

of indebtedness did not affect the liability of the Zieglers for the mortgaged debt, nor does the stipulated evidence suggest that the Association otherwise relieved Zieglers of their personal promise to the Association. The primary contractual obligation between the Zieglers and the Association remained constant and unaltered by the subsequent transactions. Hence, the dependent collateral Beauchamp guaranty, remains intact.

The judgment is affirmed.

All concur.