**In re Lorraine J. SPACKLER, Debtor.**

**Lorraine J. SPACKLER, Plaintiff,**

v.

**BOATMEN'S NATIONAL BANK OF ST. LOUIS, Defendant.**

**Bankruptcy No. 88–43043–172. Adv. No. 88–4261–172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Aug. 14, 1991.

David G. Waltrip, Clayton, Mo., for plaintiff.

F. Terrell Eckert, Jr., St. Louis, Mo., for defendant.

John V. LaBarge, Jr., Kirkwood, Mo., Trustee.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

This adversary proceeding was brought by the Debtor, Lorraine Spackler, to determine the extent of her liability to the Defendant under a personal guaranty. The Debtor has argued that she should be released from any liability under the guaranty as a result of the Defendant's allegedly material alterations of the terms of the guaranty.

The Plaintiff/Debtor appeared in person and through counsel at the trial of this matter, and presented oral argument, testimony and a written memoranda of law. The Defendant appeared through counsel and presented a written memoranda and oral argument on the record. The parties also agreed to all but one of the matters set out in a stipulation of facts filed by the Plaintiff on March 20, 1989. The parties were unable to agree as to Paragraph 2.h., which deals with the purpose of a Collateral Schedule document introduced as Defendant's Exhibit "B".

This matter is core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(B).

The Debtor originally filed a petition for relief under Chapter 13 of Title 11 of the United States Code on September 8, 1988. After her request to confirm a repayment plan was denied, and in response to an order to show cause, the Debtor converted her case to a Chapter 7 liquidating case on January 9, 1989. Boatmen's National Bank of St. Louis, Defendant and successor in interest to the notes and guaranties referred to herein, has asserted that it is the holder of secured claims against the Debtor in the amount of $447,613.98. *See*, Objection to Confirmation of Plan, filed November 3, 1988.

The guaranty in question was executed by the Debtor and her nondebtor spouse on November 13, 1981, to secure payment of a line of credit to Electro Devices, Inc. ("EDI"), a company operated by the Debtor's husband. The guaranty was introduced at trial as Defendant's Exhibit "A". The Debtor and her husband executed the agreement in their capacities as individuals and not as officers or directors of EDI. The Debtor's husband separately executed promissory notes and other documents as president of the corporation. The Plaintiff/Debtor did not sign the promissory note which represented the $300,000.00 line of credit referred to in the personal guaranty.

The Debtor's husband had the authority under the guaranty to draw money against the line of credit to be used as working capital for the business. The initial draw was in the amount of $12,000.00. He continued to borrow against the line of credit in various increments until September, 1983 when, as president, he executed an additional promissory note in the amount of $25,000.00. In December, 1983, he executed another note in the amount of $25,000.00. The Debtor was not a signatory on either of these additional promissory notes.

In August of 1984, the bank consolidated the $300,000.00 line of credit note with another consolidated note of $50,000.00 (which had previously consolidated the two $25,000.00 notes) into one note totaling $350,000.00. The new note incorporated the previous notes which the Debtor had not executed, and the personal guaranty which the Debtor had executed. Each of the previous notes bore a stamp across the Debtor's husband's signature which read, "RENEWED". The new note was signed only by Donald Spackler as President of EDI.

■ The Debtor has argued that the bank's unilateral change of the personal guaranty by increasing the promissory note from $300,000.00 to $350,000.00 has operated to relieve her of her liability on the $300,000.00 guaranty. In support of her argument she cites *Citizens Bank of Smithville v. Lair*, 687 S.W.2d 268 (Mo. App.1985). In *Citizens*, the Court held that when a bank and the maker of a note execute a new note, rather than an extension or a renewal of the original note, a guarantor of the original note could not be held liable under the new agreement absent evidence that he was aware of the new note and consented to be bound by its terms. The Court determined that the new note constituted a material alteration of the original agreement. In the case being considered here, the $350,000.00 note was not a new debt. The record has established that the obligation was a renewal of previously outstanding promissory notes. This determination distinguishes this case from the holding in the *Citizens'* case.

■ The Debtor has argued further that even if the $350,000.00 note is a renewal of other obligations, any material alteration of a guarantor's obligation under the guaranty contract will completely discharge the guarantor unless the guarantor has consented to such alteration. The test of the materiality of an alteration is whether or not the contract of guaranty will have the same operation and effect as before. *Citizens* at 270; *Missouri Farmers Assoc., Inc., v. Wolfe Brothers Farm, Inc.*, 681 S.W.2d 15, 20 (Mo.App.1984); *Beauchamp v. North American Savings Assoc.*, 543 S.W.2d 536 (Mo.App.1976).

In the case at bar, the guaranty instrument states that the Defendant/Bank acted in reliance on the "Guaranty Agreement to extend a line of credit not to exceed $300,000 to Electro Devices, Inc." *Defendant's*

*Exhibit "A"*. The document clearly limits the amount which is to be borrowed under the line of credit agreement. However, the document is silent as to the effect of a loan which would bring the total amount beyond the $300,000.00 limit. The two loans in the amount of $25,000.00 each, exceed the $300,000.00 limitation set out in the guaranty agreement. The broader language of the agreement which appears to extend the guaranty provisions without regard to amount, must be overridden by the more specific language of limitation which clearly expresses the parties' intentions. *See, Clayton Brokerage Co. of St. Louis, Inc. v. Ray Raleigh*, 679 S.W.2d 376 (Mo.App. 1984). The guaranty is limited to a loan or loans not to exceed $300,000.00. The loans which cause the total amount owed to be greater than the $300,000.00 limit are outside the guaranty agreement. As to the $300,000.00 amount, the contract of guaranty will have the same operation and effect as before the additional amounts were loaned. Therefore, the new notes do not constitute a material alteration of the guaranty agreement, and the underlying obligation of the Debtor's guaranty is not canceled. In the absence of a material alteration, the loans which are not covered by the guaranty do not operate to cancel the underlying obligation of the guaranty.

Case law supports this finding. In *Bruce v. Landmark Bank & Trust Co.*, 592 S.W.2d 198 (Mo.App.1979), the guarantors executed the following: "[We hereby guaranty payment] of all loans made, or which may be made, to said borrower by said Bank, as well as any and all renewals thereof and of all indebtedness ... not exceeding in the aggregate $335,000.00." *Bruce* at 199. The *Bruce* court held that even though the borrowers had once reached the guaranty limit, and had paid back certain principle amounts, any further loans the total of which did was less than the guaranty limit were subject to the terms of the guaranty agreement. *Bruce* at 200.

A continuing guaranty which contains a limitation of the guarantor's liability is not exhausted even though the principal debtor contracts and pays debts equal to or greater than the sum stipulated in the guaranty. (citations omitted). *Bruce*, at 200.

Any further limitation of a continuing guaranty must be specifically noted and agreed to by the guarantor. *Id.*

This analysis applies to the case at bar. The language of the guaranty executed by the Debtor was not conditional. She clearly agreed to guaranty payment of loans not to exceed $300,000.00. She did not agree to guaranty payment of any loans in excess of $300,000.00. However, the Debtor has argued that her entire obligation to pay under the guaranty must be discharged because the loan amounts exceeded $300,000.00. This further limitation upon payment does not appear from the language of the agreement, and cannot result by operation of law in the absence of a material alteration. Therefore, the Court has determined that the guaranty is operable as to loan amounts not in excess of the $300,000.00 limit. The consolidation of the total debt amount does not cause the nullification of the guaranty agreement. By a separate Order, the Debtor's requests to determine that the claim of the Boatmen's Bank is not a valid claim against the estate and to disallow any claims based upon the Debtor's guaranty agreement are denied.