Jon FUHRER, Plaintiff/Appellant,

v.

R. Michael SHEAHAN and Mercantile Bank of Ste. Genevieve, Defendants/Respondents.

No. 62007.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 8, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 14, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Richard Wolff, Theresa Counts Burke, St. Louis, for plaintiff/appellant.

Nicholas J. Lamb, David Szewczyk, St. Louis, for defendants/respondents.

CARL R. GAERTNER, Judge.

Jon Fuhrer (plaintiff) appeals from an order of the St. Louis County Circuit Court granting Mercantile Bank of Ste. Genevieve's (defendant) Motion for Summary Judgment. Plaintiff charged defendant with breach of contract claiming that de-fendant had guaranteed a loan made by plaintiff to Michael Sheahan. We affirm.

■ The record on appeal includes plain-tiff's legal file, consisting of 104 pages, and defendant's supplemental legal file (S.L.F.), an additional 450 pages. The S.L.F. in-cludes depositions from plaintiff, Michael Sheahan and Larry Vogt, ex-president of Mercantile Bank of Ste. Genevieve. Ex-cepting some portions of plaintiff's deposi-tion, neither defendant's Summary Judg-ment Motion nor plaintiff's Motion in Oppo-sition to Summary Judgment make any ref-erence to the depositions found in the S.L.F. Plaintiff has filed a Motion to Strike the S.L.F. based on this fact.

■ When relying on deposition testi-mony or other documents it is appropriate that both parties in the summary judgment motion specifically direct the court to the exact testimony or part of the document which is relied upon. *Landmark North County Bank & Trust v. National Cable Training Centers, Inc.*, 738 S.W.2d 886, 889 (Mo.App.1987). It should not be the function of the appellate court to sift through voluminous material to determine what was submitted to the trial court in a summary judgment motion. *Hill v. Air Shields, Inc.*, 721 S.W.2d 112, 116 (Mo.App. 1986). We now grant plaintiff's motion to strike the S.L.F. and refuse to supplement the legal file with depositions or parts thereof not cited to the trial court for reso-lution of the summary judgment motion. *Miller v. River Hills Development*, 831 S.W.2d 756, 758 (Mo.App.1992).

■ When reviewing a motion for sum-mary judgment the evidence is viewed in the light most favorable to the non-moving party and we afford the non-moving party the benefit of all reasonable inferences. *ITT Commercial Finance Corp., et al. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993). The evi-dence shows that plaintiff loaned Michael Sheahan $30,000 on January 31, 1990, pay-able March 1, 1990 with a finance charge of $1,000 and late fees of $30 per day. Plain-tiff discussed a possible guarantee of the loan with Larry Vogt, then president of

Mercantile Bank of Ste. Genevieve. Vogt provided plaintiff with a handwritten note on bank stationery that read "we will be in a position to pay this loan off to you within 30 days." The handwritten note referred specifically to a $30,000 loan made to Michael Sheahan. On June 18, 1990, plaintiff sent Michael Sheahan a Notice of Default demanding $31,000 in principal and finance charges as well as late charges of $30 per day after March 1, 1990 until payment date. Sheahan failed to pay the debt and plaintiff filed a two-count petition in circuit court on August 7, 1990. Count I charged Sheahan with non-payment on the note. Count II charged defendant with breach of contract as the guarantor on the note. Sheahan and plaintiff entered into a Consent Judgment on January 18, 1991 in favor of plaintiff for $31,000 in principal, $2,718 in interest and $3,000 in attorney's fees. A one-year stay of execution was granted from the date of the Consent Judgment. Defendant was not given notice until after the Consent Judgment was entered nor did defendant agree to the Consent Judgment.

Plaintiff filed an Amended Petition on Count II on February 5, 1992. Defendant answered the Amended Petition on March 6, 1992 and also filed the Motion for Summary Judgment and Memorandum in Support. Defendant's Summary Judgment Motion alleged there was no guarantee but if a guarantee did exist the Consent Judgment was a material alteration thus extinguishing the guarantor liability. The trial court heard oral arguments on April 22, 1992 and thereafter sustained defendant's motion.

Plaintiff's first point on appeal is that the trial court erred in granting summary judgment with respect to the guarantee. He claims that genuine issues of material fact exist with respect to the handwritten note thereby precluding summary judgment. We assume, without deciding, that the handwritten note is a guarantee. We then address plaintiff's second point which is dispositive.

Plaintiff's second point on appeal is that genuine issues of material fact exist as to whether or not the Consent Judgment is a material alteration of the $30,000 loan. Plaintiff asserts that defendant was not harmed, that notice was given to defendant four days after the granting of the Consent Judgment and that defendant's subrogation rights against Sheahan were not impaired.

■ Whether an alteration in a guaranty contract is material depends upon whether after the alteration it expresses the same contract, and whether it will have the same operation and effect as before. *Citizens Bank of Smithville v. Lair*, 687 S.W.2d 268, 270 (Mo.App.1985). A material alteration is one that enlarges or lessens the liability. *Smithville*, at 270. Missouri law is well settled in that a material alteration or departure from the contract without the guarantor's consent will discharge the guarantor. *Smithville*, at 270. In *Smithville*, an Extension Agreement lengthened the period for repayment from eight months to fourteen months and increased the interest rate from 14.6% to 14.8%. The court held that the alterations were material. *Smithville*, at 270. The court in *Smithville* affirmed the dismissal of a suit against an alleged guarantor who claimed no liability because the underlying obligation was materially altered.

In *First State Bank v. Benson*, 613 S.W.2d 888, 891 (Mo.App.1981), the guarantor's liability was discharged when a demand note was altered for a weekly payment schedule. The guarantor had no knowledge of and did not consent to the alteration. *Benson* stated the general rule that an extension of time for payment or performance by the principal obligor not consented to by the guarantor releases the guarantor from further liability. *Benson* at 891. The underlying rationale is that the surety "has a right to stand upon the exact contract he made." *Citizens Bank of Smithville v. Lair*, 687 S.W.2d at 270.

■ Agreements to stay the proceedings on judgments against the principal debtor amount to an extension of time within the meaning of the general rule. 38 C.J.S. Guaranty § 75 p. 1242. The original loan between Michael Sheahan and plaintiff was

due 30 days from the date the loan was made. The note specifically gave plaintiff the right to demand immediate payment upon default. The one-year stay of execution served as an extension of time for repayment and therefore was a material alteration. This material alteration was granted without the knowledge or consent of defendant, thereby, extinguishing any guarantor liability of defendant. Plaintiff's second point is denied.

We affirm the trial court's ruling granting defendant's Motion for Summary Judgment.

CRANE and CRAHAN, JJ., concur.