PER CURIAM.
 

 Lorraine Spackler brought this action to determine the extent of her liability to Boatmen’s National Bank of St. Louis on a $300,-000 guaranty agreement signed by her and her husband, Donald. The Bank combined the $300,000 line of credit with an additional $50,000, later lent to her husband, into one $350,000 note. Spackler claimed that by combining the notes, the bank had materially
 
 *1091
 
 altered the guaranty agreement and thereby released her from liability under the guaranty. The Bankruptcy Court
 
 [1]
 
 found for the Bank and held Spackler liable for $300,000. The District Court
 
 [2]
 
 agreed, and Spackler appealed to this Court. We affirm.
 

 I.
 

 On November 13, 1981, Spackler and her husband executed a guaranty agreement in their personal capacities to secure a $300,000 line of credit for Donald Spackler’s business, Electro Devices, Inc. (EDI). The language of the guaranty expressly stated that the amount lent EDI was not to exceed $300,-000.
 
 [3]
 
 Spackler’s husband immediately executed a note for $12,000. The guaranty authorized Donald Spackler to draw upon the line of credit as he saw fit, which he did until the line was exhausted in September of 1983. On September 26, 1983, Donald Spackler executed an additional promissory note for $25,000 and, in December of that year, executed a second promissory note in the same amount. Lorraine Spackler did not sign either of these promissory notes.
 

 In March of 1984, Donald Spackler consolidated the two $25,000 notes into a single note in the amount of $50,000. In August of that year, the Bank consolidated this $50,000 note with the original $300,000 note created under the guaranty agreement, creating a single note for $350,000. Only Donald Spackler signed this note; Lorraine Spackler was not informed of the additional loans, nor was she told that the $350,000 note had been executed.
 

 Lorraine Spackler instituted a proceeding in the Bankruptcy Court under 28 U.S.C. § 157(b)(2)(B) to determine the extent of her liability under the original guaranty agreement. She contended that the Bank’s unilateral expansion of the line of credit to $350,-000 was contrary to the guaranty’s express limit of $300,000 and was a material alteration of the guaranty which relieved her of any obligation under its terms. The Bankruptcy Court determined that the guaranty’s limiting language did not create a condition that limited the Bank’s lending power to $300,000. The Court found that the Bank’s consolidation of all the outstanding loan amounts into a single note was not a material alteration of the guaranty agreement; therefore, Spackler was liable for $300,000, 130 B.R. 310. The District Court affirmed and stated that, since the amount Spackler intended to guarantee was unambiguous, she was responsible for the $300,000; she would not, however, be held responsible for the additional amounts lent to her husband. Spackler appeals to this Court.
 

 II.
 

 We review the District Court’s determinations of law
 
 de novo.
 
 Additionally, because the outcome of this case hinges on construction of a guaranty agreement, we look to Missouri law to determine what effect, if any, the Bank’s extension of additional credit had on Spackler’s liability under the guaranty. Under Missouri law, guaranty contracts are construed strictly in order to protect the guarantor.
 
 Boatmen’s Bank of Jefferson County v. Community Interiors, Inc.,
 
 721 S.W.2d 72, 79 (Mo.App.1986). A departure from the terms of the guaranty, if it works a material alteration of the terms of the agreement, will discharge the guarantor from her obligation.
 
 Royal Banks of Missouri v. Fridkin,
 
 819 S.W.2d 359, 362 (Mo. 1991);
 
 Citizens Bank of Smithville v. Lair,
 
 687 S.W.2d 268, 270 (Mo.App.1985).
 

 Spackler contends that the Bank’s consolidation of the original $300,000 obligation with the additional $50,000 was a material alteration of the contract. She argues that the phrase “not to exceed $300,000” in the guaranty agreement is an express condition. Therefore, she contends, when the
 
 *1092
 
 Bank lent Spackler’s husband an additional $50,000 without Spackler’s consent, it violated this express condition and thereby materially altered the agreement. In support of her position, Spaekler cites
 
 Citizens Bank of Smithville v. Lair, supra,
 
 687 S.W.2d 268. In
 
 Lair,
 
 the guarantor was released from his guaranty when the debtor and the bank agreed to extend the period for repayment of the note and increased the interest rate without informing the guarantor. The Missouri Court of Appeals held that this was a material alteration and stated, “a change in the amount as representing the liability on a bill or note or other contractual instrument is a material alteration such as to discharge a non-consenting party.”
 
 Id.
 
 at 270 (citations omitted).
 

 Spaekler’s reliance on
 
 Lair
 
 is misplaced. It is true that a change in the amount of the debt guaranteed, if made without the guarantor’s consent, will release the guarantor. However, a mere change in the amount of a note, if it does not increase the risk to the guarantor, will not. A change is material only if it alters the guarantor’s liability.
 
 Fridkin, supra,
 
 819 S.W.2d 359; see also
 
 Lair, supra,
 
 687 S.W.2d at 270 (if the change increases or decreases liability, it is material and vitiates the contract).
 

 Spackler’s situation is more akin to that of the guarantor in
 
 Fridkin.
 
 Fridkin executed a guaranty that specifically limited his liability to $10,000. Others had executed similar guaranties. Relying on these guaranties, the bank issued a note for $50,000. The bank subsequently attempted to hold Fridkin responsible for this entire amount. Fridkin argued that the Bank’s creation of the $50,-000 note released him from his guaranty. The Missouri Supreme Court held that, because the circumstances surrounding the note clearly indicated Fridkin’s intent to guarantee $10,000 should the note not be repaid, he was liable for $10,000 regardless of the face amount of the note. The Court noted that guaranty contracts are to be construed strictly and declined to hold Fridkin liable for the entire $50,000; however, it determined that the alteration of the note was not material since Fridkin’s underlying obligation had not changed.
 
 Id.
 
 at 363.
 

 III.
 

 The language of Lorraine Spackler’s guaranty agreement makes clear that she intended to be bound to repay $300,000 should EDI not make good on its obligations. This underlying obligation was not altered by the Bank’s decision to lend an additional $50,000 to her husband. In fact, Spackler’s counsel admitted as much at oral argument when he acknowledged that the deviation from the agreement occurred not when the Bank lent her husband an additional $50,000, but when the $50,000 note was combined with the $300,000 obligation. Spackler’s argument, therefore, is hypertechnieál and ignores Missouri’s requirement that for an alteration to release the guarantor it must be material — it must increase the guarantor’s liability. Spaekler has failed to demonstrate that anything the Bank did increased her liability. Therefore, any alteration of the terms of the guaranty agreement was immaterial, and Spaekler remains liable for the amount she guaranteed, $300,000.
 

 Affirmed.
 

 [1]
 

 . The Hon. James J. Baria, United States Bankruptcy Judge for the Eastern District of Missouri.
 

 [2]
 

 . The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.
 

 [3]
 

 .The agreement read: "FOR VALUE RECEIVED, the receipt of which by the Undersigned is hereby acknowledged, and to induce [Boatmen's Bank] (hereinafter referred to as the "Bank") acting in reliance upon this Guaranty Agreement to extend a line of credit not to exceed $300,000 to Electro Devices, Inc.”