**BUCHHEIT, INC., Plaintiff–Appellant,**

**v.**

**TILLER–COHEN FARM, L.P., Peter Gaul, and Joseph Palmer, Defendants–Respondents.**

No. SD 32003.

Missouri Court of Appeals, Southern District, Division One.

Jan. 24, 2013.

John W. Grimm, Isaac G. Venable, The Limbaugh Firm, Cape Girardeau, MO, for Appellant.

Scott A. Robbins, Kennedy, Kennedy, Robbins & Yarbro, L.C., Poplar Bluff, MO, for Respondent Gaul.

Richard G. Steele, Adam E. Hanna, Bradshaw, Steele, Cochrane & Berens, L.C., Cape Girardeau, MO, for respondent Palmer.

GARY W. LYNCH, P.J.

Buchheit, Inc. ("Buchheit"), appeals the trial court's judgments granting summary judgment in favor of Peter Gaul and Joseph Bryan Palmer in its action against Gaul and Palmer to enforce a guaranty agreement. Buchheit argues that the trial court's grant of summary judgment in favor of Gaul and Palmer was contrary to the law because "there were no material alterations to the guaranty agreement that would relieve [Gaul and Palmer] of their obligations under the guaranty."[1] We disagree and affirm.

1. Buchheit's point relied on is problematic, when viewed in light of Rule 84.04 and the procedure governing summary judgments. Buchheit's point relied on states:

> The trial court erred in granting Guarantors' motions for summary judgment and denying Creditor's motion for summary judgment, because the granting of Respondents' motions was contrary to the law, in that Creditor established the elements necessary to enforce its guaranty agreement as a matter of law and there were no material alterations to the guaranty agreement that would relieve Guarantors of their obligations under the guaranty.

The first problem with the point is that it challenges two trial court rulings: (1) the grant of Gaul and Palmer's motions; and (2) the denial of Buchheit's motion. A point that challenges multiple trial court rulings is multifarious, does not comply with Rule 84.04, and preserves nothing for review. *In re Marriage of Cochran*, 340 S.W.3d 638, 647 (Mo. App.2011). For two reasons, however, our review is not impeded if we construe the point as challenging only the grant of summary judgment in favor of Gaul and Palmer. First, although the point challenges two rulings, it mentions only the ruling in favor of Gaul and Palmer when it describes the legal reason for the alleged error. Second, in most cases, "[t]he denial of a summary judgment is not a final judgment and is, therefore, not an appealable order." *Penn–America Ins. Co. v. The Bar, Inc.*, 201 S.W.3d 91, 96 (Mo.App. 2006).

The second problem with Buchheit's point is that, when viewed in light of the procedures required on a motion for summary judgment, the point could be making two separate arguments, again rendering it multifarious. When evaluating a motion for summary judgment, the position of the party seeking summary judgment affects the showing which must be made before relief will be granted. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993). To succeed on its motion, a claimant must show that there is no material dispute about the facts upon which it would have had the burden of persuasion at trial and that any affirmative defense fails as a matter of law. *Id.* at 381. A defending party, on the other hand,

> may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

### Standard of Review

"Summary judgment is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. Rule 74.04." *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "Summary judgment proceeds from an analytical predicate that, where the facts are not in dispute, a prevailing party can be determined as a matter of law." *Id.*

Appellate review of the grant of summary judgment is *de novo*. *Id.* "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* "The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment." *Id.*

A "Defending Party," as that term is used in Rule 74.04(b), may establish a right to summary judgment by showing "that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly pleaded affirmative defense." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381.

### Undisputed Facts and Procedural Background

Tiller–Cohen Farm ("Tiller–Cohen") wanted to develop a relationship with a supplier of feeds. It was interested in Buchheit because Buchheit could also provide general farm goods and construction materials.

On September 20, 2007, Tiller–Cohen executed a document titled "Convenience Account Application Agreement" ("Application Agreement"). The Application Agreement was signed on behalf of Tiller–Cohen by Gaul and Palmer. Either Gaul or Palmer checked boxes on the first page of the Application Agreement indicating that the account would be used for both

*Id.* When read in light of this framework, there are two possible readings of Buchheit's point. The first possibility is that the point challenges the denial of Buchheit's motion for summary judgment. This reading is attractive because it explains why the point discusses both the elements of the cause of action and the affirmative defense. This reading is unattractive, however, because, as stated above, the denial of a motion for summary judgment generally presents nothing for review. *See Penn–America Ins. Co.*, 201 S.W.3d at 96. While Buchheit correctly states the exception to this rule—when the motion's merits inextricably intertwine with the issues in an appealable summary judgment in another party's favor, the court may review the motion's denial, citing *Lopez v. Am. Family Mut. Ins. Co.*, 96 S.W.3d 891, 892 (Mo.App. W.D.2002)—it does not argue or demonstrate in its brief how this exception applies to its motion for summary judgment. The second possible reading is that the point is challenging the grant of summary judgment on both of the grounds that Gaul and Palmer raised below, i.e., (1) that Buchheit would be unable to present sufficient evidence from which the trier-of-fact could find an element of its cause of action, and (2) that there was no genuine issue of fact with respect to their affirmative defense of material alteration.

Because we can discern that the nature of Buchheit's challenge regarding the trial court's ruling is with respect to the affirmative defense of material alteration, we exercise our discretion to review the point in that light and despite its failure to comply with Rule 84.04. *See Coverdell v. Countrywide Home Loans, Inc.*, 375 S.W.3d 874, 879 n. 5 (Mo.App.2012). Nevertheless, because the determination of the issue of whether there was a material alteration is dispositive of this appeal, we will not address any other possible claims that Buchheit may purport to raise in its multifarious point.

business and farm purposes. They also noted that the duration of the account would be continuous. The Application Agreement stated that the account balance "must be paid in full each month." It further provided that the account was "*not a revolving charge account.*"

Gaul and Palmer also signed the Application Agreement under the heading "Guarantee of Payment." Palmer read and understood the Application Agreement guaranty, which provided that "[t]he undersigned hereby unconditionally personally and individually guarantees payment of the customer's account and agree(s) to the terms of this agreement. This guarantees payment of the entire account balance even if the account balance exceeds the credit initially requested."

Tiller–Cohen began purchasing feed from Buchheit as early as the fall of 2007. As a result of a serious flood in March 2008, Tiller–Cohen's needs increased significantly. Buchheit did not enforce the requirement that the account balance must be paid in full each month. Buchheit permitted Tiller–Cohen to make charges on its account despite the fact that the previous balances were past due.

In 2010, Buchheit filed suit against Tiller–Cohen, Gaul, and Palmer. At the time the lawsuit was filed, Tiller–Cohen owed Buchheit $259,863.28. Shortly thereafter, the trial court entered a default judgment against Tiller–Cohen. The parties remaining in the lawsuit subsequently filed cross-motions for summary judgment. Gaul and Palmer argued in their motions for summary judgment that Buchheit would not be able to produce evidence as to each element of its cause of action on the guaranty agreement and that there were no genuine issues of material fact with respect to their affirmative defense that the Application Agreement had been materially altered. In support of their affirmative defense of material alteration, Gaul and Palmer alleged as undisputed material facts (1) that the Application Agreement required payment in full each month and (2) that Buchheit continued to allow Tiller–Cohen to make charges on the account even though the account balance was not paid in full each month. Buchheit admitted those facts but argued that those facts did not demonstrate a material alteration of the Application Agreement.

The trial court granted the motions filed by Gaul and Palmer and denied the motion filed by Buchheit. Buchheit filed this appeal.

### Discussion

■ Among the reasons stated in support of Gaul and Palmer's motions for summary judgment was that Gaul and Palmer had been discharged from their duties under the guaranty agreement because Buchheit and Tiller–Cohen materially altered the Application Agreement by extending the time for payment. On appeal, Buchheit claims the trial court's decision to grant summary judgment was error because there were no material alterations to the agreement. Buchheit suggests that the change in the time for payment did not materially alter the agreement because (1) the agreement provided for finance charges on past-due balances and (2) Gaul and Palmer agreed to be liable for the entire amount even if it was greater than the credit limit initially requested. We disagree.

■ The general rule is that a guarantor "is entitled to strict construction of his obligation in his favor." *Citizens Bank of Smithville v. Lair*, 687 S.W.2d 268, 270 (Mo.App.1985). That is, "[h]e is not bound beyond the letter of his obligation and nothing may be implied against him." *Id.* Furthermore, courts will strictly construe

guaranty agreements and will not stretch or extend the terms of such agreements to hold the guarantor liable. *Id.* For this reason, "[a] material alteration in, or departure from the contract of guaranty without the guarantor's consent will discharge him." *Id.*

An extension of the time in which a creditor may pay an obligation is generally held to be a material alteration that operates to discharge the guarantor from his obligation. *See, e.g., id.; Fuhrer v. Sheahan,* 857 S.W.2d 439, 441 (Mo.App.1993); *First State Bank v. Benson,* 613 S.W.2d 888, 891 (Mo.App.1981).[2] The facts in *Fuhrer* illustrate this principle. In that case, the plaintiff loaned a sum of money to the defendant with a due date of March 1, 1990, and the loan was guaranteed by one Larry Vogt. 857 S.W.2d at 440–41. The defendant defaulted, and the plaintiff filed suit against both the defendant and Vogt. *Id.* Unbeknownst to Vogt, the defendant and the plaintiff then entered into a consent judgment for the amount due plus interest. *Id.* The consent judgment included a provision for a one-year stay of execution. *Id.* After the stay expired, the defendant still failed to pay the obligation, and the plaintiff filed an amended petition against Vogt as guarantor. *Id.* Vogt sought summary judgment, and the trial court granted it. *Id.* On appeal, the appellate court affirmed the decision because the agreement to stay the proceedings operated as an extension of time in which to pay the underlying obligation. *Id.* at 441–42.

Here, similarly, Tiller–Cohen and Buchheit altered the terms of their agreement, resulting in an extension of time to pay the amount due without the consent of Gaul and Palmer. The Application Agreement to which the guaranty applied provided that the account balance must be paid in full each month. After the flood in 2008, Buchheit allowed Tiller–Cohen to continue using the account even though the account balance had not been paid in full as required. This resulted in an extension of the amount of time in which to pay the obligation and thus discharged Gaul and Palmer from their obligations as guarantors. *See Fuhrer,* 857 S.W.2d at 441–42.

We are not convinced by Buchheit's argument that there was no material alteration in the agreement because the Application Agreement provided for finance charges on any past-due balances. The fact that a contract has provisions that may apply in the event one of the parties fails to perform does not alter the fact that the parties are obliged to perform as they agreed. To hold otherwise would not be in keeping with the intent of the parties at the time of contracting and would render uncertain the parties' duties under their contracts.

Buchheit's reliance on *Martin v. McEvers,* 104 S.W.3d 785 (Mo.App.2003), is misplaced because the terms of the guaranty agreement in that case differed from the terms in the guaranty agreement which Gaul and Palmer signed. In *Martin,* the guaranties "were not expressly tied or limited to specific loans or other forms of

---

**2.** This rule has been modified to some extent in cases involving negotiable instruments by the adoption of revisions to Article 3 of the Uniform Commercial Code in 1994. *See J.B. Allen, Inc. v. Pearson,* 31 S.W.3d 526 (Mo. App.2000). In such cases, a guarantor seeking to avoid liability on the basis of an extension of time to pay must also prove that his recourse against the primary debtor was somehow impaired. § 400.3–605(c). However, this case does not involve a negotiable instrument as the agreement was not an unconditional promise to pay a fixed amount of money. *See* § 400.3–104(a). Thus, Article 3 of the UCC is inapplicable to this case and so, too, the amendment that necessitated a different result in *J.B. Allen, Inc.*

indebtedness." *Id.* at 786. Rather, they applied to "any new indebtedness incurred" by the primary obligor. *Id.* at 788. The appellate court rejected the guarantor's argument that the obligation had been materially altered. *Id.* In doing so, the appellate court distinguished *Citizens Bank of Smithville* and other similar cases, noting that the terms of the guaranty agreements in those cases were different. *Id.*

Here, unlike in *Martin,* the guaranty agreement was limited to the account created by the Application Agreement. It provided that the guarantors were liable for payment of the account balance and that they agreed to the terms of the Application Agreement. While the language of the guaranty specifically contemplated liability if the amount due on the account was greater than the credit limit, it had no such provision with respect to the time for payment or any of the other terms of the Application Agreement. The language of the guaranty which Gaul and Palmer signed distinguishes this case from *Martin* and brings the case within the ambit of *Fuhrer* and *Citizens Bank of Smithville.*

The undisputed facts demonstrate that Buchheit and Tiller–Cohen materially altered the underlying credit agreement by extending the time for payment. Consequently, summary judgment in favor of Gaul and Palmer was appropriate.

### Decision

The trial court's judgment is affirmed.

NANCY STEFFEN RAHMEYER and WILLIAM W. FRANCIS, JR., JJ., concur.