CHARLES S. LEMMON AND ANOTHER, ADMINISTRATORS, *vs.* WILLIS A. STRONG.

Hartford Dist., May T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

A note on demand for $400, payable to *S*, was indorsed by the defendant as follows—" I hereby warrant the within note good and collectible until paid." After the note had run for some time and the maker had failed to pay it on demand, *S*, the payee, for the sum of $300, sold and assigned the note to *L* by a written indorsement directly under the guaranty, as follows—" For value received I hereby sell and assign this note to *D. S. L.*" Nothing was said at the time of the assignment about the guaranty, but it was practically the only thing that gave the note any value. The paper was treated by all concerned as forming one instrument for the security and payment of the amount due on the note. Held—1. That it should be taken as the intention of the parties to the assignment that the guaranty should pass to the assignee as well as the note itself. 2. That the form of transfer was sufficient to pass in equity the interest of the assignor in the guaranty.

[Argued May 6th—decided September 12th, 1890.]

ACTION upon the guaranty of a note; brought to the Court of Common Pleas of Litchfield County, and tried to the court before *Roraback, J.* Facts found and judgment rendered for the plaintiffs and appeal by the defendant. The case is fully stated in the opinion.

*A. D. Warner*, with whom was *J. Huntington*, for the appellant.

The contract of guaranty was non-negotiable and made in connection with a non-negotiable note, and the plaintiffs could acquire no rights to either except by an assignment. They do not claim any special assignment of the contract of guaranty, nor does the finding disclose any. The finding on this point in substance is only what appears upon the note itself : " For value received I hereby sell and assign this note to D. S. Lemmon." This is not enough. Gen. Statutes, § 981 ; *Wadhams* v. *Vanderworken*, 1 Root, 385 ; *Bissell* v. *Gowdy*, 31 Conn., 47 ; *Lamourieux* v. *Hewit*, 5 Wend., 307 ; Edwards on Bills, 219. The plaintiff must allege or prove in some way that he is the actual and *bonâ fide* owner of the contract of guaranty. This the plaintiffs failed to do. Gen. Statutes, § 981 ; *Beach* v. *Fairbanks*, 52 Conn., 167, 173. Nor does it appear from the finding upon this point that Strong ever had notice that the plaintiffs were the actual and *bonâ fide* owners of the note and the contract of guaranty. 1 Swift's Dig., 435. The contract of guaranty was a personal contract and made with Sherman, and not assigned by him, and he was the first holder for value. *Huntington* v. *Harvey*, 4 Conn., 124, 129 ; *Bissell* v. *Gowdy*, 31 id., 47, 50 ; *Tyler* v. *Binney*, 7 Mass., 479 ; *True* v. *Fuller*, 21 Pick., 140 ; *Baldwin* v. *Dow*, 130 Mass., 416, 418 ; *Jones* v. *Dow*, 142 id., 139 ; *Turley* v. *Hodge*, 3 Humph., 73 ; *Smith* v. *Dickinson*, 6 id., 261 ; *Barlow* v. *Myers*, 64 N. York, 41, 45 ; *Springer* v. *Hutchinson*, 19 Maine, 359 ; *McDoal* v. *Yeomans*, 8 Watts, 361 ; Story on Promissory Notes, § 484 and notes ; 2 Daniel on Negotiable Instruments, §§ 1774 to 1780. The contract of guaranty was a collateral undertaking and not a security. Anderson's Law Dict., Title " *Guaranty ;* " *Dole* v. *Young*, 24 Pick., 250 ; *Parker* v. *Culvertson*, 1 Wall. Jr., 149 ; *Hill* v. *Smith*, 24 How., 286. There is a broad distinction between the rule relating to guarantors of negotiable and of non-negotiable notes. The rule of the former is not settled in this country, but the reasons that the courts apply why their contract should pass with the transfer of the note are not

applicable to non-negotiable notes. There is the same distinction that exists between the notes themselves. *Backus* v. *Danforth*, 10 Conn., 297, 306 ; 1 Swift's Dig., 435 ; *Pool* v. *Anderson*, 116 Ind., 88 ; *Building & Loan So.* v. *Leeds*, 50 N. Jer. Law, 399. The words of the transfer are restricted to the note and do not extend to the guaranty. Sherman assigned nothing but " this note " to Lemmon. The finding nowhere discloses the fact that the contract of guaranty was assigned, but only that the note was sold and transferred.

*W. Cothren,* for the appellee.

TORRANCE, J. The facts found by the court below, so far as a statement of them is necessary for the decision of the case, may be briefly stated as follows :—In April, 1877, one Karrman borrowed of one Sherman four hundred dollars, and at the same time, and in consideration of the loan, made and delivered to Sherman a promissory note, of which the following is a copy :—

"Woodbury, April 26th, 1877. On demand, for value received, I promise to pay B. A. Sherman $400 (four hundred dollars), with interest annually. H. S. KARRMAN."

When so delivered the note had the following indorsement upon it, made and signed, in consideration of the loan, by the defendant Strong :—

" I hereby warrant the within note good and collectible until paid. W. W. STRONG."

At this time Karrman had but little property and it is found that the loan was made and the note accepted " upon the individual financial responsibility of the defendant Strong, and upon his guaranty."

Karrman regularly paid the annual interest upon the note to Sherman up to April, 1883. In January, 1884, Sherman demanded of him payment of the note, which being refused, he brought suit against him in February, 1884. While that suit was pending, Sherman, for the sum of three hundred dollars, paid to him by Daniel S. Lemmon, the plaintiffs' in-

testate, sold and assigned the note to Lemmon by a written indorsement, directly under the guaranty and signature of Strong, of which the following is a copy:—

" February 12th, 1884. For value received I hereby sell and assign this note to D. S. Lemmon. B. A. SHERMAN."

Thereupon Sherman withdrew from the suit. Lemmon was by order of court substituted as plaintiff, and he prosecuted the suit to final judgment, and took out execution against Karrman. Only a small sum however was realized upon the execution, and the present suit is brought to recover from the defendant the balance due upon the note.

In the court below, after the plaintiffs had rested their case, the defendant moved for a nonsuit, " on the ground that the plaintiffs had failed to prove that the contract of guaranty of the defendant Strong, upon said note, had been assigned to the plaintiffs' intestate."

The court below, upon the point involved in this claim, in addition to the facts already stated, finds as follows :—" The evidence bearing upon this point and the intention of the parties, was the written assignment that appeared upon the note itself signed by the said Sherman as aforesaid, the fact that the said Lemmon at the time the note was purchased by him made an examination of the same, and the fact that the note was not good and collectible as against Karrman, while the defendant Strong was a man of property and in good financial standing. There was nothing said between the said Sherman and the said Lemmon, at the time of the assignment of the note as aforesaid, about the defendant Strong."

The court below came to the conclusion, upon the facts found, that in making the assignment to Lemmon, Sherman, under the circumstances, had assigned both the contract of Karrman and the contract of the defendant, and thereupon overruled the motion for a nonsuit, and rendered judgment for the plaintiffs. Whether the court erred in its conclusion is the principal question in the case.

The defendant argues that the contract of the defendant was a collateral undertaking and not a security; that it was made with Sherman alone, as the first holder of the note

for value, was not negotiable, and was attached to a non-negotiable note, and therefore that it did not pass to Lemmon unless it was specially assigned to him by Sherman, and that the transaction between Sherman and Lemmon, resulting in the delivery of the note to Lemmon, did not amount to such an assignment of the defendant's contract.

If we assume, for the sake of the argument, that the guaranty was a collateral undertaking, made with Sherman as the first holder for value, we still think the plaintiffs are entitled to recover upon the facts found.

It is not claimed by the defendant that the contract of guaranty could not under any circumstances be either legally or equitably assigned by Sherman to Lemmon. The claim is that, as matter of law on the facts found, the guaranty was not assigned legally or equitably, under and by virtue of what took place between Sherman and Lemmon relating to the assignment of the note.

The consideration of this claim involves two questions, namely:—Did Sherman and Lemmon intend, by what took place between them relative to the sale and purchase of the note, the assignment legally and equitably of the guaranty as well as that of the note ? And did they carry that intent into effect ? Let us consider these questions in the order stated.

At the time of the transaction in question the guaranty was practically the only thing that gave the note any value in Sherman's hands. The maker was insolvent and could not pay it. The defendant was abundantly able to pay it. These facts were known to both parties at the time, and in view of this knowledge the transaction took place. Separated from the guaranty the note had little pecuniary value, and apart from the ownership of the note the guaranty had but little meaning or value. They belonged together, on the same paper, and were treated by all concerned as forming one instrument for the recovery of the amount due on the note. The parties each knew that if Sherman assigned the note alone it would be worthless in Lemmon's hands, and that the retention of his rights under the guaranty could in

that event do Sherman no good. . Under these circumstances Lemmon offers to purchase and Sherman agrees to sell the instrument in question for three hundred dollars, being nearly the full amount due on the note. The money is .paid, the indorsement is made, and the instrument is delivered to Lemmon. We think there can be no doubt about Lemmon's intention. He certainly supposed he was getting all the rights which Sherman had under both contracts or he never would have paid his money. And as to Sherman's intention there can be just as little doubt. He was acting in good faith, as the court finds. He must have known what Lemmon expected, and, if he did not intend to give him the .benefit of the guaranty, should have made such intention manifest. If Sherman intended to limit the operation of the transaction to the assignment of the note proper, he could easily have done so by appropriate words. The defendant says that Sherman in his assignment uses the words "this note," and that these words "seem to restrict the transfer to the note and exclude the guaranty." Read in the light of all the surrounding circumstances this is not of much significance. These parties undoubtedly regarded the paper containing both contracts as one instrument, and probably used the word "note" as descriptive of the paper and all that was written upon it. To suppose that under the circumstances they intended the effect which the defendant claims resulted from this transaction, is to suppose that Sherman was a knave and Lemmon a fool, and for neither of these suppositions does the record afford the slightest ground. We feel bound to hold, therefore, that these parties, as honest men of average intelligence, intended the assignment of the guaranty as well as the assignment of the note.

The next question is, whether in doing what they did they carried out this intent.

The defendant says that no special assignment of the guaranty is claimed by the plaintiffs or found by the court, and if by this is meant that the contract of guaranty is not spe-

cifically mentioned or described in Sherman's endorsement, this is true.

Is such a specific assignment necessary under the circumstances ? We know of no law which prescribes the form in which the intention of the parties in such cases shall be embodied, and where the law prescribes no form, it will, to accomplish rather than defeat their intent, give effect to such form as they choose to adopt.

Now, in the case at bar, Sherman takes the paper containing both contracts, and writes an assignment upon it, and delivers it to Lemmon, intending thereby to transfer to him, as we have seen, all the beneficial interest in both contracts which Sherman himself then possessed. Why is not this effectual to pass such interest, at least in equity ?

Sherman fully intended and Lemmon fully expected such a result; and independently of Sherman's intent, his language and acts should be interpreted in the sense in which he had reason to suppose Lemmon understood them.

The contract and acts of Sherman in this matter should be construed with reference to all the surrounding circumstances, the controlling consideration being to discover and give effect to the mutual intention of the parties.

Such an equitable assignment could certainly be made by a transaction of this kind if so intended. " In any case of the guaranty of a bill or note, the party to whom the guaranty is originally made may in equity assign his right to the holder at the time he transfers the bill or note, and thereby vest in him the equitable, although not the legal title thereto. 2 Daniel on Negot. Inst., § 1774. Indeed it is unnecessary to cite authorities upon such a point. No special form of words and no prescribed acts are necessary to constitute an equitable assignment. The delivery of a negotiable note without endorsement may operate as an assignment of it in equity. *Jones* v. *Witter,* 13 Mass., 304. The transfer of a debt or obligation usually carries with it as an incident all the securities for its payment, although such securities are not in terms transferred with the principal obligations. *Craig* v. *Parkis,* 40 N. York, 181. In a Virginia case the

court uses the following language :— "If the contract of guaranty is not negotiable at law, along with the bond and coupons, it is assignable in equity, and an interest in it passes in equity to each successive holder of the bond or coupon. * * * In order to give effect to the manifest intention of the parties the right to enforce the guaranty, unless lost by laches or otherwise, must be held co-extensive with the right to enforce a bond or coupon. The guaranty as an accessory to the bond or coupon follows it and adheres to it in equity, and the right to enforce the guaranty must be determined by the right to demand payment of the bond or coupon." *Arents* v. *Commonwealth*, 18 Gratt., 768.

We think this language is quite applicable to the case at bar. We hold therefore that Sherman assigned in equity to Lemmon all the beneficial interest which the latter had in the contract of guaranty, and so Lemmon became the equitable and *bona fide* holder thereof, and as such was entitled to sue in his own name under our statutes. The defendant has cited no case which is inconsistent with this conclusion.

There is no error in the judgment of the court below.

In this opinion the other judges concurred.