## W. S. WEIR v. S. J. ANTHONY.

[FILED OCTOBER 11, 1892.]

**Contract of Guaranty:** ASSIGNMENT: RIGHT OF ASSIGNEE TO
MAINTAIN ACTION. Under the statute of this state, a contract
of guaranty is assignable, and the assignee may maintain an
action thereon in his own name.

ERROR to the district court for Clay county. Tried be-
low before MORRIS, J.

*Prickett & Pope,* for plaintiff in error, cited, as to right
of assignee to sue on contract of guaranty in his own
name: *Craig v. Parkis,* 40 N. Y., 181; *Stillman v. Northrup,*
17 N. E. Rep. [N. Y.], 379; *Waldron v. Harring,* 28
Mich., 493; *Bank v. Carpenter,* 41 Ia., 518.

*J. L. Epperson,* and *Charles H. Epperson, contra,* cited:
Brandt, Suretyship, secs. 35, 36, 97; 3 Kent, Comm., 183; 2
Parsons, Contracts, 3; 9 Am. & Eng. Enc. Law, 76; 1
Bouv., Law Dic., 645; 4 Lawson, Rights, Remedies, & Pr.,
2737; 2 Daniels, Neg. Inst., sec. 1774; Story, Prom. Notes,
sec. 484; *Smith v. Dickinson,* 6 Humph. [Tenn.], 261;
*Smith v. Starr,* 4 Hun [N. Y.], 123; *Watson v. McLaren,*
19 Wend. [N. Y.], 559; *Walsh v. Bailie,* 10 Johns. [N.
Y.], 80; *Bank v. Brady,* 3 McLean [U. S.], 269; *Mellen
v. Whipple,* 1 Gray [Mass.], 317; *Colburn v. Phillips,* 13
Id., 69; *Blymire v. Boistle,* 6 Watts [Pa.], 182; *Fortune
v. Brazier,* 10 Ala., 793; *Grant v. Naylor,* 4 Cranch [U.
S.], 224; *McDoal v. Yeomans,* 8 Watts [Pa.], 361; *Ekel
v. Snevily,* 3 Watts & S. [Pa.], 272; *Ten Eyck v. Brown,*
4 Chand. [Wis.], 151; *Sanford v. Norton,* 14 Vt., 233.

NORVAL, J.

This action was brought by W. S. Weir against S. J.
Anthony in the county court of Clay county, upon a writ-

ten contract of guaranty made by the defendant to recover the amount of three certain promissory notes executed by one William Watson, payable to the order of the Weir Plow Company, and transferred to the plaintiff.

The petition alleges, substantially, that William Watson, on the 7th day of September, 1886, executed and delivered to the Weir Plow Company his three promissory notes of that date, payable to its order; two for the sum of $132.41 each, with ten per cent interest from November 1, 1886, due December 15, 1886, and January 15, 1887, respectively, and the other note for the sum of $166.10, payable November 1, 1887, with interest at ten per cent from June 1, 1887; that no payments have been made upon said notes, except the sum of $26 on January 12, 1887, $5 on January 29, 1887, and $53.95 on June 24, 1887. The petition further alleges: "That said notes were given for goods bought of said Weir Plow Company by Wm. Watson subsequent to the 20th day of January, 1886, and during that year; that on the said 20th day of January, 1886, said defendant executed and delivered to plaintiff his special promise in writing to answer for the debt of said Wm. Watson, as evidenced by the above promissory notes, in words and figures as follows:

### "'GUARANTY.

"'In consideration of the credit which Weir Plow Company may extend to Wm. Watson, of Fairfield, Neb., upon the within contract, and of one dollar to me in hand paid by said Weir Plow Company, the receipt whereof is hereby acknowledged, I hereby guarantee to said Weir Plow Company the complete fulfillment of said contract upon the part of said Wm. Watson, and payment at maturity of all notes and accounts made by said Wm. Watson in pursuance of said contract, including also payment of all goods that said Wm. Watson may order of said Weir Plow Company subsequent to this date and during the

year 1886.    I further guarantee payment to said Weir
Plow Company of all notes at maturity that may be taken
by them in full or part payment of the indebtedness of
said Wm. Watson, under this contract, and also payment
of all notes taken by them in payment of any indebtedness
of said Wm. Watson to said Weir Plow Company for im-
plements ordered by him subsequent to this date and dur-
ing the year 1886, whether said notes are the notes of
Wm. Watson or other persons.    I hereby waive all notices
to me, as guarantor, of default in payment of any of said
notes or accounts.      (Signed)        S. J. ANTHONY.'

   "The plaintiff alleges that in consideration of said
guarantee, and relying upon the same, the Weir Plow
Company afterwards sold said Wm. Watson implements
as per bills hereto attached marked Exhibits 'A,' 'B,'
and 'C,' and on September 7, 1886, took said Wm. Wat-
son's notes, as above mentioned, for balance due for said
goods and implements so sold and delivered on the faith
and credit of the said guarantee of defendant.    When said
notes became due they were duly presented for payment to
Wm. Watson and refused, except as above set forth, and
Mr. S. J. Anthony, the defendant, was then promptly re-
quested to pay the same.    No part of said notes have been
paid and there is now due from the defendant to the
plaintiff the sum of $600.

   "The plaintiff further alleges that on the —— day of
——, 188–, the said Weir Plow Company, for valuable
consideration, duly transferred and delivered to the plaint-
iff the above mentioned promissory notes and guaranty as
follows:

   "'Without recourse pay to the order of W. S. Weir.
                "'WEIR PLOW COMPANY,
                     "'Per W. M. GOLBROTH,
                          "'*Ass't Cashier.*'"

   To the petition the defendant filed a demurrer, alleging
two grounds:

First—That the plaintiff had no legal capacity to sue.

Second—That the petition does not state facts sufficient to constitute a cause of action.

The demurrer was sustained by the county court and the action dismissed. Plaintiff prosecuted a petition in error to the district court, where the decision of the county court was affirmed.

The only point presented for the consideration of this court is this: Is the contract of guaranty set out in the petition assignable, so as to vest the right to bring the action thereon in the name of the assignee?

It is argued by counsel for defendant that, as the guaranty sued on was made to the Weir Plow Company, the contract was personal to the party to whom it was made, and therefore it was neither negotiable nor assignable. At common law, a contract of guaranty could not be assigned so as to enable the assignee to enforce the same in his own name. But under our statute this rule is changed. Sections 29 and 30 of the Code of Civil Procedure are as follows:

"Sec. 29. Every action must be prosecuted in the name of the real party in interest," etc.

"Sec. 30. The assignee of a thing in action may maintain an action thereon in his own name and behalf without the name of the assignor."

Under these provisions, where a contract of guaranty is transferred by assignment, the assignee is vested with power to sue and recover upon it in his own name. Plaintiff is the real party in interest and is the proper and only party who can maintain the suit. (*Mills v. Murry*, 1 Neb., 327; *Hoagland v. Van Etten*, 23 Id., 462; *First Natl. Bank of Dubuque v. Carpenter*, 41 Ia., 518; *Lemmon v. Strong*, 59 Conn., 448; *Craig v. Parkis*, 40 N. Y., 181; *Stillman v. Northrup*, 109 Id., 473; *Everson v. Gere*, 122 Id., 290; *Waldron v. Harring*, 28 Mich., 493.)

The authorities cited by counsel for defendant are not

applicable, for the reason that they are from states having
statutes unlike ours and where the common law rule as to
the assignability of a contract of guaranty prevails.    It
follows that the demurrer to the petition should have been
overruled.    The judgment of the district court is reversed
and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.