MAX CHALUPA ET AL., APPELLANTS AND CROSS-APPELLEES, V. SHIRLEY CHALUPA, APPELLEE AND CROSS-APPELLANT.
574 N.W.2d 509

Filed February 27, 1998.   No. S-96-435.

John J. Delaney, of Estes, Porter & Delaney, and Robert G. Pahlke, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., for appellants.

Robert G. Simmons, Jr., of Simmons, Olsen, Ediger, Selzer, Ferguson & Carney, P.C., for appellee.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

This is an appeal from an order of summary judgment entered by the district court in favor of defendant, Shirley Chalupa. Plaintiffs, Max Chalupa, Lee Chalupa, and Candy Chalupa, appeal. We removed the case to the docket of the Nebraska Supreme Court pursuant to Neb. Rev. Stat. § 24-1106 (Reissue 1995).

On March 3, 1970, Fred Chalupa executed a document entitled "Irrevocable Trust Agreement," naming himself as cotrustee and assigning to the trust certain real estate which he owned in Scotts Bluff County, Nebraska (trust property). The beneficiaries of the trust include plaintiffs, the issue of Fred

Chalupa. The trust instrument states that the "purpose in establishing the trusts is to provide his [Fred Chalupa's] children with a regular income and with material comforts during their lives . . . ." Fred Chalupa later married defendant and subsequently executed a last will and testament on April 20, 1973, which ratified the prior transfer of the property in trust.

On April 7, 1981, Fred Chalupa sold the trust property for $175,000. When he died in 1989, defendant succeeded to his entire estate.

Plaintiffs first learned of the trust on February 5, 1992, as a result of prior litigation against defendant. Plaintiffs claim that they have never received any distributions, accounting, or reporting from the trust.

Plaintiffs filed this action in Scotts Bluff County District Court on August 2, 1995, claiming that the rents, profits, and income of the trust property, and the proceeds of the sale of the trust property, were wrongfully converted to the use and benefit of Fred Chalupa. The petition further alleged that defendant, as sole beneficiary of the estate, had retained the beneficial use of the income and proceeds of sale of the trust property. Plaintiffs prayed for a decree declaring that the income, profits, and proceeds of sale of the trust property be held by defendant in a constructive trust for plaintiffs as beneficiaries of said trust.

On February 16, 1996, the district court granted summary judgment for defendant, finding that plaintiffs had failed to show that defendant knew or should have known that the use and sale of the trust property by herself and Fred Chalupa violated a previously established trust.

On appeal, plaintiffs' sole assignment of error is the district court's ruling that a constructive trust may be imposed on property received from a spouse only if the holder of the property can be shown to have had knowledge of the wrongful taking by the spouse. Defendant cross-appealed, assigning as error that the district court failed to determine that this proceeding was frivolous.

An action to impose a constructive trust is an equity action. *Hanigan v. Trumble*, 252 Neb. 376, 562 N.W.2d 526 (1997); *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443 (1990).

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Battle Creek State Bank v. Preusker*, 253 Neb. 502, 571 N.W.2d 294 (1997); *Gans v. Parkview Plaza Partnership*, 253 Neb. 373, 571 N.W.2d 261 (1997). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.* The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Battle Creek State Bank v. Preusker, supra*; *Eiche v. Blankenau*, 253 Neb. 255, 570 N.W.2d 190 (1997).

A constructive trust is a relationship, with respect to property, subjecting the person who holds title to the property to an equitable duty to convey it to another on the grounds that his acquisition or retention of the property would constitute unjust enrichment. *Hanigan v. Trumble, supra*; *Brtek v. Cihal*, 245 Neb. 756, 515 N.W.2d 628 (1994). Where money is the asset upon which the trust is based, it is necessary that the specific amounts be identified and located, either by tracing the money to a specific and existing account, or where the funds have been converted into another type of asset such as by the purchase of real property, the money must be traced into the item of property. *Hanigan v. Trumble, supra.*

In its order granting defendant summary judgment, the district court stated, "In order to establish a constructive trust, the plaintiffs must show that the defendant knew or should have known that the use and sale of the [trust property] by herself and Fred Chalupa violated a previously established trust." Plaintiffs assert that this is an incorrect statement of the law and assert that whether the defendant knew Fred Chalupa violated the terms of the trust is irrelevant.

In *Hanigan v. Trumble, supra*, Laurence and Ann Hanigan sued the estate of Terry Brockman to establish a constructive

trust. Before his death, Brockman fraudulently obtained $221,000 in loans from the Hanigans. Brockman had for many years been the Hanigans' financial advisor. Brockman told the Hanigans that the money would be used for temporary construction financing of a house that Brockman and his wife recently finished building. Brockman issued promissory notes to pay the money back with interest upon the acquisition of permanent financing. In fact, Brockman never attempted to obtain such financing.

Shortly after the Hanigans commenced suit against Brockman for repayment, Brockman committed suicide. Title to the Brockmans' house passed to the wife, as it was held in joint tenancy. The district court ordered a constructive trust upon the full amount of the house in favor of the Hanigans. On appeal to this court, we affirmed the imposition of the constructive trust, yet we reduced the amount which was actually traceable to the house. In affirming the constructive trust, we stated that "[w]hether [Brockman's wife] participated in or had knowledge of the wrongdoing [of Brockman] is irrelevant. [Brockman's wife] would be unjustly enriched if permitted to retain the wrongfully taken property of another." *Id.* at 383, 562 N.W.2d at 531.

We hold that the district court erred by requiring that plaintiffs, in order to establish a constructive trust, must show defendant knew or should have known that Fred Chalupa violated a previously established trust.

The district court also found that there was no genuine issue of material fact. Plaintiffs' petition asserts that defendant, as sole beneficiary of Fred Chalupa's estate, has since the time of Fred Chalupa's death retained the beneficial use of the income and proceeds of the sale of the trust property. Defendant submitted an affidavit in which she stated that she never received any proceeds of the sale of the trust property. Defendant's affidavit further stated that no proceeds of the sale of the trust property existed on the date of the death of Fred Chalupa. The existence of the proceeds of the trust property is material to establishing a constructive trust. Where money is the asset upon which the constructive trust is based, it is necessary that the specific amounts be identified and located, either by tracing the

money to a specific and existing account, or where the funds have been converted into another type of asset such as by the purchase of real property, the money must be traced into the item of property. *Hanigan v. Trumble*, 252 Neb. 376, 562 N.W.2d 526 (1997).

Plaintiffs did not present any evidence to controvert that defendant did not receive any proceeds of the sale of the trust property. If the movant for summary judgment submits an affidavit as to a material fact, and that fact is not contradicted by the adverse party, the court will determine that there is no issue as to that fact. *Battle Creek State Bank v. Preusker*, 253 Neb. 502, 571 N.W.2d 294 (1997); *Washa v. Miller*, 249 Neb. 941, 546 N.W.2d 813 (1996). Since plaintiffs failed to present any evidence of either an account or property owned by defendant to which the proceeds of the trust property could be traced, the district court was correct in determining that there was no genuine issue of a material fact.

The error committed by the district court was harmless, since the decision to grant summary judgment for defendant was correct. A judgment will not be reversed for error against a party not entitled to succeed in any event. *Van Ornum v. Moran*, 186 Neb. 418, 183 N.W.2d 759 (1971).

For the foregoing reasons, the decision of the district court is affirmed.

AFFIRMED.

WHITE, C.J., participating on briefs.
WRIGHT, J., not participating in the decision.