ENNY J. MARRS, APPELLANT, V.
SID KEELAN AND MARY KEELAN, APPELLEES.

578 N.W. 2d 442

Filed May 29, 1998.   No. S-97-204.

Patrick W. Healey, of Healey & Wieland Law Firm, for appellant.

Gary J. Nedved, of Keating, O'Gara, Davis & Nedved, P.C., for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

WRIGHT, J.

## NATURE OF CASE

Enny J. Marrs fell and was injured when she stepped into a hole or depression on property owned by Sid Keelan and Mary Keelan. The district court granted summary judgment in favor of the Keelans, and Marrs appeals.

## SCOPE OF REVIEW

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Chalupa v. Chalupa, ante* p. 59, 574 N.W.2d 509 (1998).

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all

reasonable inferences deducible from the evidence. *Schade v. County of Cheyenne, ante* p. 228, 575 N.W.2d 622 (1998); *Chalupa v. Chalupa, supra.*

## FACTS

Marrs' property is adjacent to the Keelans', and at one time, a privacy fence was located on the Keelans' property between the two houses. In his deposition, Sid Keelan stated that he had removed the fence prior to Marrs' injury. The fenceposts were approximately 4 inches square and extended into the ground approximately 2 feet. Sid Keelan testified that when he removed the fenceposts, he filled the postholes with dirt so that they would be level with the surrounding ground. Although he mowed in that area after the fence was removed, Sid Keelan did not notice where the fenceposts had been.

On October 20, 1991, Marrs was mowing her lawn and made a turn when she reached a point near the lot line where the fenceposts had been removed. As Marrs stepped backward, she caught her foot in a hole, fell backward, and fractured her left arm. In her deposition, Marrs stated that she had not looked behind her and had not seen the hole. She estimated that the hole was 1½ feet deep and stated that it was concealed by grass which had grown over it.

Marrs explained that she did not normally mow her lawn, but from the time the fence was removed, she may have done so one or two times. She had not had any problems when she mowed previously, but she testified that she fell while mowing on October 20, 1991, because grass covered the holes and she did not see them. Marrs said she knew there were some holes close to the lot line, but she did not know exactly where they were because when she mowed previously, Keelan had mowed, the grass was short, and she could see them. Marrs' affidavit stated that although she knew the Keelans had removed the fenceposts, leaving holes in the ground, she had assumed the Keelans filled the holes so it would be safe to mow or otherwise traverse the area.

Marrs' daughter testified by affidavit that after Marrs was injured, she observed a hole 7 to 8 inches deep near the area where Marrs had fallen. Grass had been allowed to grow over the area so that the hole was concealed by the grass. Two men

who had mowed Marrs' lawn for her also submitted affidavits which stated that during the course of being on the premises during the summer of 1991, they observed 4- by 4-inch holes where fenceposts had been removed close to the lot line. The grass over the holes was not always trimmed, so the holes were concealed.

Sid Keelan's deposition stated that after learning of Marrs' fall, he checked the area where she had fallen and observed that the dirt had settled in one of the holes, creating a small depression in the ground. This was the only hole in which the dirt had settled, and he was able to level the hole off with less than one shovelful of dirt.

Marrs' petition alleged that on October 20, 1991, she fell into a hole created and maintained by the Keelans which was allowed to become overgrown, constituting a hidden trap. She alleged that her injuries were proximately caused by the Keelans' negligence in failing to maintain the premises in a reasonably safe condition, causing or permitting the existence of and maintaining a condition in the nature of a hidden trap, failing to otherwise mark or warn her of the dangerous condition of the premises, failing to fill the hole, and failing to properly inspect the premises to ensure it was safe for its intended or reasonably expected use.

The Keelans' answer admitted that portion of Marrs' petition which alleged that Marrs stepped into a hole created and maintained by the Keelans which constituted a hidden trap. The Keelans generally denied the remainder of the petition and affirmatively alleged that the proximate cause of Marrs' injuries was her negligence in failing to keep a proper lookout.

The Keelans moved for summary judgment, and after a hearing on the motion, the district court granted judgment in favor of the Keelans and dismissed the action. The district court determined that Marrs was at most a licensee and that the Keelans owed a duty to Marrs only to refrain from injuring her by willful or wanton negligence or to warn Marrs of the hidden danger known to the Keelans but unknown or unobservable by Marrs. The district court found that

> even when construing the evidence in a light most favorable to the plaintiff, the facts here do not support a finding

of, or even infer, that the defendant's [sic] conduct was willful or wanton. Nor can liability be based upon a failure to warn since the plaintiff herself was aware of the post holes. There was no hidden peril.

## ASSIGNMENT OF ERROR

Marrs asserts that the district court erred in sustaining the Keelans' motion for summary judgment.

## ANALYSIS

Under the rule of law applicable to this case, the owner or occupant of a premises owes a licensee only the duty to refrain from injuring the licensee by willful or wanton negligence or designed injury, or to warn him or her of a hidden danger or peril known to the owner or occupant but unknown or unobservable by the licensee, who is required to exercise ordinary care. See *Alexander v. Warehouse*, 253 Neb. 153, 568 N.W.2d 892 (1997).

Marrs argues that we should apply the rule stated in *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996), in which we eliminated the distinction between licensees and invitees by requiring a standard of reasonable care for all lawful visitors. In *Heins*, we stated that the rule stated therein would apply only to causes of action occurring after the date of the *Heins* decision. We find no merit in Marrs' argument that the failure to apply *Heins* retroactively is improper or otherwise unconstitutional.

It is not argued and there is no evidence from which it could be found that the Keelans acted with willful or wanton negligence. The only issue is whether the Keelans breached the duty to warn Marrs of a hidden danger or peril known to them but unknown or unobservable by Marrs. It is undisputed that Marrs fell because of a hole or depression covered with grass on the Keelans' property. The district court found that the dirt had settled and that there was a depression in the area of the postholes.

In *Alexander*, we explained that in order for a landowner to be liable to a licensee for failure to warn of a hidden danger or peril known to the landowner but unknown to the licensee, the licensee must show that the landowner had actual knowledge of the danger. Sid Keelan stated in his deposition that after he

removed the fenceposts, he filled the holes with dirt so that they would be level with the surrounding ground. He stated that until the time of the accident he had not specifically checked the area where the fenceposts had been removed. He further stated that although he had mowed in that area between the time the fence was removed and the time of the accident, he did not notice where the fenceposts had been.

However, Marrs presented evidence from which it can reasonably be inferred that Sid Keelan knew the holes existed. In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Schade v. County of Cheyenne, ante* p. 228, 575 N.W.2d 622 (1998); *Chalupa v. Chalupa, ante* p. 59, 574 N.W.2d 509 (1998). Marrs' deposition stated that the holes were observable because Keelan had mowed, the grass was short, and the holes could be seen. Sid Keelan admitted that he had mowed the area before the accident. Therefore, it is reasonable to infer that Sid Keelan had actual knowledge of the danger.

Although Marrs has presented a genuine issue as to the Keelans' knowledge of the danger, the district court found that liability could not be based upon a failure to warn of the danger because the evidence showed that Marrs was aware of the holes. We agree. An owner or occupant of a premises is liable to a licensee for failure to warn him or her of a hidden danger or peril known to the owner or occupant but unknown or unobservable by the licensee, who is required to exercise ordinary care. See *Alexander v. Warehouse, supra.* It is undisputed that Marrs knew that the Keelans had removed the fenceposts and thereby left holes in the ground. While Marrs' affidavit states that she "assumed they had properly filled the holes so that it would be safe to mow and otherwise traverse such area," it cannot be inferred from this statement that Marrs lacked knowledge concerning the holes. Marrs testified in her deposition that prior to the day of the accident, she knew there were holes close to the lot line, but did not know exactly where they were. She explained that she knew the holes were there because when she mowed previously, she could see the holes.

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Chalupa v. Chalupa, supra.* Even when we view the evidence in the light most favorable to Marrs, it is clear that Marrs had seen the holes on prior occasions and, therefore, had knowledge of the danger. Therefore, the district court was correct in sustaining the Keelans' motion for summary judgment.

## CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.

WHITE, C.J., dissents.